WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Federico Perez Chavez,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　Respondents. | No. CV-26-00323-PHX-MTL (JFM)<br><br>**ORDER** |

**I.**

Petitioner, a Guatemalan citizen, has been unlawfully present in the United States since November 23, 2022. (Doc. 1 ¶¶ 10, 19.) Petitioner "was not admitted or paroled after inspection by an immigration officer." (Doc. 1-1 at 23 ¶ 3.)

On August 30, 2025, he was detained by Department of Homeland Security agents and, on December 9, 2025, ordered removed. (Doc. 1 ¶¶ 20, 22.) The immigration judge found Petitioner inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and denied his application for asylum, withholding of removal, withholding of removal under the Convention Against Torture, and deferral of removal under the Convention Against Torture. (Doc. 1-1 at 31.) He appealed his removal order to the Board of Immigration Appeals. (Doc. 1 ¶ 22.)

Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A).

## II.

### A.

This Court held before that persons who illegally entered the United States and have been living here unlawfully "for years or decades" are entitled to a bond determination hearing under 8 U.S.C. § 1226(a). *See Soto v. Noem*, CV-25-04178-PHX-MTL (MTM), 2025 WL 3294755, at *2 (D. Ariz. Nov. 26, 2025); *see also Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025). At that time, no decision of the Supreme Court or any of the Courts of Appeal squarely addressed the issue.

Since then, most district courts arrived at the same result. But many did not. *E.g.*, *Espinoza Lopez v. Noem*, No. 26 Civ. 00345 (JHR), 2026 WL 266597, at *2 (S.D.N.Y. Feb. 2, 2026) (holding that petitioner who has not been lawfully admitted is lawfully detained under § 1225(b)(2)); *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1140-41 (S.C. Cal. 2025) (denying temporary restraining order because Petitioner failed to show a likelihood of success on the merits of his § 1226(a) claim).

Now, the United States Court of Appeals for the Fifth Circuit issued an opinion interpreting §§ 1225 and 1226 in this very context. *Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). *Buenrostro-Mendez* involved petitioners who illegally entered the United States many years ago. *Id.* at *3 ("Petitioners Victor Buenrostro-Mendez and Jose Padron Covarrubias are citizens of Mexico who entered the US illegally. Buenrostro-Mendez entered in 2009; Covarrubias entered in 2001.").

The court observed that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") was intended to "reduce [the] incongruity" of illegal aliens "who have entered the United States without inspection gain[ing] equities and privileges in immigration proceedings that are not available to aliens who present themselves for inspection." *Id*. at *1 (quoting H.R. Rep. No. 104-469, pt. 1, at 225 (1996)). That is, "[a]liens who arrived at a port of entry were subject to mandatory detention until

the conclusion of the exclusion process and could not request release on bond." *Id*. "In contrast, aliens who evaded inspection and were apprehended months or years later could seek release on bond pending deportation proceedings." *Id*. The difference did not make any sense in terms of sound immigration policy.

After the passage of IIRIRA, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Under that same statute, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *Id.* § 1225(b)(2)(A).

Section 1226(a), however, provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a). The Fifth Circuit observed, "[u]nlike § 1225(b), § 1226(a)(2)(A) permits, but does not require, the Attorney General to release detained aliens on 'bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General.'" *Buenrostro-Mendez*, — F.4th —, 2026 WL 323330, at *2 (quoting 8 U.S.C. § 1226(a)(2)(A)). As to § 1226(a), the Fifth Circuit concluded, it "undeniably does work independent from § 1225(b)(2)(A) because only § 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error." *Id*. at *7.

The Fifth Circuit rejected petitioners' overreliance on dicta from *Jennings v. Rodriguez*. *Id.* In the context of examining whether the government is required to provide periodic bond hearings to detainees (it does not), the Supreme Court read § 1226(a) and (c) as "authoriz[ing] the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). That provision contrasts with § 1225(b)(1) and (b)(2), which "authorize[] the Government to detain certain aliens seeking admission into the country." *Id*. The Fifth Circuit held that

this construction does not mandate bond hearings for petitioners because "[i]n determining that aliens lacked a statutory right to periodic bond hearings, the *Jennings* court did not opine on the difference between detention authority under § 1225 and § 1226." *Buenrostro-Mendez*, — F.4th —, 2026 WL 323330, at *7.

The Court also rejected petitioners' argument that § 1225 can only apply to aliens who are actively seeking admission, as opposed to illegal aliens present in the United States who never sought lawful admission, as stretching the Supreme Court's description of the statutory scheme too far. *Id*. at *7-8 ("In claiming that the Supreme Court's pronouncement that § 1225(b) applies to aliens who are seeking admission supports their interpretation, the petitioners inexplicably assume that the Supreme Court understood 'seeking admission' in the same way that petitioners do. It demonstrably did not.").

This Court finds the Fifth Circuit's reasoning persuasive and adopts it. In sum, a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A).

Based on this record, the Court finds that Petitioner is present without having been admitted and is therefore treated an as applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.

**B.**

As far as Petitioner alleges that his detention violates due process, he is mistaken.

The government began removal proceedings against Petitioner under procedures set forth in the INA. (Doc. 1-1 at 23 ¶ 5.) He was issued a Notice to Appear charging him as an alien present in the United States without having been admitted or paroled in violation of Section 212(a)(6)(A)(1) of the INA. (*Id*. at 26.) Petitioner applied for asylum and withholding of removal. (*Id*. at 23 ¶ 6.) The immigration judge ordered him removed. (*Id*. at 33.) His case is on appeal with the Board of Immigration Appeals. (Doc. 1 at 3.)

An alien unlawfully present in the United States "has only those rights regarding

admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez*, 2026 WL 266597, at *3.

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in IIRIRA where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution.

**C.**

Finally, the Court rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class. *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California.

**III.**

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 9th day of February, 2026.

Michael T. Liburdi
United States District Judge